[Cite as *State v. Snyder*, 2018-Ohio-2826.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2017-A-0041<br>2017-A-0042<br>2017-A-0043 |
| STEVEN JOSEPH SNYDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2016 CR 00604, 2017 CR 00088 and 2017 CR 00089.

Judgment: Affirmed in part, reversed in part, and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward M. Heindel*, 400 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Steven Joseph Snyder, appeals from his convictions and sentence for Burglary and Attempted Burglary in the Ashtabula County Court of Common Pleas. The issues to be determined by this court are whether a matter must be remanded for resentencing when the court does not state consecutive sentencing findings, whether a written jury waiver is necessary when a defendant enters a plea of no contest, and whether a no contest plea is properly entered when errors in the written

plea agreement reference a guilty plea. For the following reasons, we affirm in part, and reverse in part the judgment of the trial court, and remand for further proceedings consistent with this opinion.

{¶2} On November 9, 2016, Snyder was indicted by the Ashtabula County Grand Jury for Attempted Burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(1) and R.C. 2923.02(A), in Case No. 2016 CR 000604. On March 16, 2017, he was indicted for Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1), in Case No. 2017 CR 00088. On the same date, he was also indicted for Attempted Burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(1) and R.C. 2923.02(A), in Case No. 2017 CR 00089.

{¶3} A plea hearing was held on April 27, 2017, at which Snyder entered pleas of no contest to the three offenses as charged in the Indictments. At the hearing, a signed Written Plea of No Contest and Plea Agreement for each of the three cases was presented. On the first two pages of each document, the entry of a plea of "no contest" to each of the offenses was discussed. The final page, however, included a few references to a "guilty" plea.

{¶4} Prior to entry of the pleas, the court reviewed Snyder's rights, the offenses, and possible sentences. The judge explained the meaning of a no contest plea in contrast with a guilty plea. The State described the offenses. In Case No. 2016 CR 000604, Snyder attempted to enter a residence, and was observed "throw[ing] things at the sliding glass patio door, trying to force his way in." In Case No. 2017 CR 00088, Snyder knocked on a resident's front door, jimmied the lock and began to enter the home, although the owner was able to remove him from the residence. Finally, in

2

Case No. 2017 CR 00089, a homeowner observed Snyder force her locked door open before seeing the homeowner and fleeing. After the description of the crimes, Snyder agreed to proceed with his no contest plea. The court found him guilty of these offenses, which finding was memorialized in its May 2, 2017 Judgment Entries.

{¶5} A sentencing hearing was held on June 29, 2017. Defense counsel requested that Snyder be ordered to serve community control. The State recommended consecutive two-year prison terms. The court noted Snyder's juvenile involvement in the criminal justice system, that he had been "in and out of the court system," and the risk of harm associated with burglaries. The court imposed a sentence of three years for Burglary, and one year for each offense of Attempted Burglary, to run consecutively for a total prison term of five years.

{¶6} The foregoing was memorialized in Judgment Entries of Sentence filed on June 30, 2017. The Entries stated that the sentences were consistent with the purposes and principles of sentencing under R.C. 2929.11, and included findings on these factors. No findings relating to consecutive sentencing were made.

{¶7} Snyder timely appeals and raises the following assignments of error:

{¶8} "[1.] The trial court erred when it did not make the findings required by R.C. 2929.19(C)(4) prior to imposing consecutive sentences.

{¶9} "[2.] The trial court erred when it accepted a no contest plea, and found Snyder guilty without a full written jury waiver being first executed in open court, signed by the defendant, and filed with the clerk of courts.

{¶10} "[3.] The trial court erred when it accepted Snyder's 'no contest' plea because the written version of the plea agreement referred to him as pleading 'guilty.'"

3

{¶11} In his first assignment of error, Snyder argues that the trial court erred by failing to make necessary findings to order consecutive sentences. The State concedes that the matter should be remanded to the trial court to correct this error.

{¶12} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). However, since Snyder failed to object to his sentence, "our review is limited to consideration of whether the trial court committed plain error." *See State v. Moore*, 11th Dist. Trumbull No. 2015-T-0072, 2017-Ohio-7024, ¶ 45. "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences * * *, the appellant's sentence is contrary to law and constitutes plain error." *State v. Aikens*, 2016-Ohio-2795, 64 N.E.3d 371, ¶ 53 (11th Dist.).

{¶13} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the commission of an

4

offense while the offender is awaiting trial or is under post-release control, the commission of crimes as part of a course of conduct where no single term would reflect the seriousness of the conduct, or where the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(C)(4)(a)-(c).

{¶14} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Otherwise, the sentence is contrary to law. *Id.* However, courts are not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

{¶15} A review of the sentencing hearing transcript and each of the three Judgment Entries of Sentence shows no discussion of or reference to consecutive sentencing factors. The State concedes that this was an error and requests that this matter be remanded for resentencing.

{¶16} The court recognized the harm caused to homeowners by burglaries and referenced Snyder's prior misdemeanors, while noting that these were his first felony offenses. However, it did not make a finding that consecutive sentences were necessary to protect the public from future harm. *See Moore*, 2017-Ohio-7024, at ¶ 52-53 (the required findings were not made when "the trial court referenced appellant's extensive criminal record but did not make a specific finding or set forth any facts to suggest consecutive sentences were "'necessary to protect the public from future crime

5

by the offender'"). Significantly, the trial court also failed to make a proportionality finding, i.e., that consecutive sentences were not disproportionate to the seriousness of Snyder's conduct. For these reasons, it is impossible, from the limited comments made at sentencing, to "discern that the trial court engaged in the [consecutive sentencing] analysis," as is required by *Bonnell*. *Bonnell* at ¶ 29. *See Aikens*, 2016-Ohio-2795, 64 N.E.3d 371, at ¶ 62 ("this is not simply a case where the trial court failed to give a talismanic incantation of the statutory findings during the sentencing hearing; the court said *nothing* about the proportionality of consecutive sentences to the seriousness of appellant's conduct," rendering the sentence contrary to law).

{¶17} Since the record demonstrates that the requisite R.C. 2929.14(C)(4) findings were not made, as the State concedes, Snyder's sentence is contrary to law and constituted plain error. We therefore vacate his sentence. On remand, the trial court is instructed to resentence Snyder and, if it re-imposes consecutive sentences, to make all necessary statutory findings. *Moore* at ¶ 56.

{¶18} The first assignment of error is with merit.

{¶19} In his second assignment of error, Snyder argues that the court erred by accepting a no contest plea without a written jury waiver.

{¶20} Pursuant to R.C. 2945.05, in all criminal cases, a defendant may waive a trial by jury and be tried by the court, but such waiver "shall be in writing," "signed by the defendant," and filed as part of the record.

{¶21} This court has previously addressed this issue, explaining that "Ohio appellate courts have often held that a court may accept a plea of guilty or no contest without obtaining the written waiver mandated by R.C. 2945.05." *Ashtabula v. Jones*,

11th Dist. Ashtabula No. 2016-A-0053, 2017-Ohio-1103, ¶ 28; *State v. Keiffer*, 4th Dist. Athens No. 97 CA 23, 1997 WL 776349, *4 (Dec. 8, 1997) ("a trial court's failure to obtain a written waiver of a jury demand is not reversible error when the defendant has pled no contest"); *also Martin v. Maxwell*, 175 Ohio St. 147, 191 N.E.2d 838 (1963) ("The provisions of Section 2945.05, Revised Code, requiring the filing of a written waiver of a trial by jury are not applicable where a plea of guilty is entered by an accused. The failure in such an instance to file a waiver does not deprive an accused of any of his constitutional rights nor does it deprive the court of its jurisdiction.").

{¶22} Snyder concedes that no jury waiver is needed in the case of the entry of a guilty plea but argues that it is necessary when entering a no contest plea. However, *Jones* specifically held no waiver was necessary in no contest pleas, as in either case the defendant will not face a trial. *Jones* at ¶ 27-28, citing *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996). To the extent that Snyder cites the First District case of *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), in support of his argument, this court recognized the existence of that case in *Jones* but found it unpersuasive given the authority cited to the contrary. Snyder fails to provide any persuasive argument to abandon this court's precedent.

{¶23} The second assignment of error is without merit.

{¶24} In his third assignment of error, Snyder argues that the trial court erred in accepting his no contest plea because the signature page of the written plea agreement referenced a "guilty" plea. He argues that this error created a lack of substantial compliance with the requirements of Crim.R.11 in the acceptance of his plea.

{¶25} In a felony case, "the court * * * shall not accept a plea of guilty or no

7

contest without first addressing the defendant personally" and complying with requirements to determine the voluntary nature of the plea and that the defendant understands the nature of the charges and maximum penalty; informing the defendant of the effect of his plea and that the court may proceed to judgment and sentencing; and advising the defendant of various rights waived by entering the plea. Crim.R. 11(C)(2)(a)-(c).

{¶26} The standard applied to the nonconstitutional portions of Rule 11, which are at issue in this case, is "substantial compliance." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." (Citation omitted.) *Id.*

{¶27} There is no question that the trial court reviewed the various rights with Snyder, as well as the charges and penalties. Snyder argues only that there was an error in the plea agreement and, thus, he did not intend to or knowingly enter a no contest plea.

{¶28} It is evident from the record that Snyder was aware that he was entering a plea of no contest rather than a guilty plea. The document he signed was entitled "Written Plea of No Contest" and contained references to a no contest plea throughout, except on the last page, which contained a few references to a "guilty plea." One of the

8

instances of "guilty" on the final page was changed to "no contest" in handwriting. At the plea hearing, the court, prosecutor, and defense counsel each stated that Snyder would be entering a no contest plea and the court referenced that the plea would be "no contest" multiple times when explaining Snyder's rights. The court also explained appellate rights as they relate to no contest pleas. When asked to plead, Snyder stated "No contest, Your Honor." There is no indication that Snyder ever intended to enter a guilty plea or believed he was doing so. This conclusion is further supported by the fact that the trial court's May 2, 2017 Judgment Entries accepting Snyder's pleas stated that he had entered pleas of "no contest."

{¶29} Given the foregoing, the typos at the end of the plea agreement had no prejudicial effect on Snyder, who was aware of the plea he was entering. Thus, under both the prejudice standard for evaluating pleas entered under Crim.R. 11 and under the harmless error standard, the typos do not warrant reversal or the withdrawal of Snyder's plea. *See Nero* at 108; Crim.R. 52(A) ("[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded").

{¶30} The third assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

9