[Cite as *State v. Bika*, 2019-Ohio-3841.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2018-P-0096**<br>**2018-P-0097** |
| ASHLEY M. BIKA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2017 CR 00371 and 2017 CR 00896.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, Buchanan Law, Inc., 195 South Main Street, Suite 202, Akron, OH 44308 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Ashley M. Bika ("Ms. Bika"), appeals from the judgment entries of the Portage County Court of Common Pleas revoking her community control sanctions and sentencing her to two consecutive terms of imprisonment, for a total prison term of 30 months, arising out of her guilty pleas to grand theft of a motor vehicle in violation of R.C. 2925.11(A)(3) and (B) in two separate cases, which are now consolidated on appeal.

**{¶2}** Ms. Bika raises four assignments of error on appeal, arguing that the trial court erred in sentencing her to two consecutive terms of imprisonment because: (1) the trial court's judgment entries that originally sentenced her to community control in each case were silent as to consecutive terms if she violated community control; (2) sentencing her for violating the terms of her community control is double jeopardy; (3) the trial court engaged in unconstitutional judicial fact-finding; and, lastly, (4) the trial court did not have subject matter jurisdiction to alter its own orders. The state concedes error in the court's consecutive sentencing order due to the court's failure to make all of the required statutory findings pursuant to R.C. 2929.14(C)(4)(a)-(c).

**{¶3}** We agree with Ms. Bika that her sentence is contrary to law because the trial court erred in two respects: (1) by imposing a 15-month sentence in case no. 2017 CR 0371, since the court was limited to imposing a one year term of imprisonment per the original judgment entry that sentenced her to community control; and (2) by failing to state consecutive sentencing findings under R.C. 2929.14(C)(4)(a)-(c) at the sentencing hearing and in the judgment entry. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

## Substantive and Procedural History

**{¶4}** In case no. 2017 CR 0371, Ms. Bika was indicted by the Portage County Grand Jury on one count of grand theft of a motor vehicle, a fourth-degree felony, in violation of R.C. 2913.02(A)(3) and (B). The trial court later accepted Ms. Bika's written plea of guilty and deferred the matter for sentencing.

**{¶5}** While sentencing was pending, a second case in the Portage County Municipal Court was opened, with a complaint for a charge of grand theft of a motor

2

vehicle.  Ms. Bika voluntarily waived her right to a preliminary hearing and agreed to a bind over to the Portage County Common Pleas Court, which was assigned case no. 2017 CR 0896.  Ms. Bika was subsequently indicted by the grand jury on one count of grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.02(A)(3) and (B).  Ms. Bika failed to appear for her arraignment on November 20, 2017.

{¶6}  Ms. Bika also failed to appear for sentencing in the first case on November 27, 2017.  Warrants for her arrest were issued in both cases.

{¶7}  Several months later, on April 9, 2018, Ms. Bika was sentenced in both cases.  In the first case, Ms. Bika was sentenced to community control and placed in the intensive supervision probation program for 12 months followed by an additional 36 months in the general probation division, with the requirements that she complete the Repeat Offender Cognitive Intervention Program ("ROCIP") and obtain and maintain employment within nine months.  The court notified Ms. Bika that if she violated the terms of her community control, she could receive more restrictive community control sanctions or receive a specific prison term of 12 months.  In the second case, Ms. Bika entered a written plea of guilty and was sentenced to community control with the same terms, albeit with one exception:  the court notified Ms. Bika that she could be sentenced to 18 months in prison if she violated the terms of her community control instead of 12 months as in the first case.

{¶8}  The adult probation department filed a motion to revoke/modify sanctions in both cases because Ms. Bika failed to:  report to the probation department for almost one

3

month, complete ROCIP, and refrain from using illegal substances (cocaine and marijuana).

{¶9} At a hearing on the motion to modify/revoke sanctions in both cases, the court found Ms. Bika violated the terms of probation and that more restrictive sanctions were necessary. Ms. Bika was ordered to serve 180 days in jail and then transfer to the Northeast Ohio Community Alternative Program ("NEOCAP"). Further, she was to be placed in the intensive supervision probation program for 12 months followed by an additional 24 months of regular probation. Upon successful completion of NEOCAP, she was to be transferred to Townhall II or Compass Recovery for aftercare. Lastly, she was ordered to attend Alcoholics Anonymous for one year.

{¶10} On October 23, 2018, the Adult Probation Department filed another motion to modify/revoke sanctions in both cases because Ms. Bika failed to complete NEOCAP as ordered by the court.

{¶11} On November 2, 2018, the court held a hearing on the motion to modify/revoke sanctions for both cases. The court sentenced Ms. Bika to a 15-month term of imprisonment in each case, to be served consecutively, stating that "[c]onsecutive sentences are necessary to protect the public from future crimes and to properly punish the Defendant."

{¶12} The court issued identical judgment entries for both cases, stating that the "consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public."

4

**{¶13}** It is from these sentencing judgment entries that the instant appeal arises. Ms. Bika assigns four errors for our review:

**{¶14}** "[1.] The trial court sentenced Ashley contrary to law.

**{¶15}** "[2.] The trial court violated Ashley's right to be free from Double Jeopardy as protected by the Fifth Amendment to the United States Constitution.

**{¶16}** "[3.] The trial court engaged in judicial fact finding, which is unconstitutional.

**{¶17}** "[4.] The trial court did not have subject matter jurisdiction to alter its own orders."

### Standard of Review

**{¶18}** "The court hearing an appeal of a felony sentence shall review the record, including the findings underlying the sentence or modification given by the sentencing court." *State v. Ferrell*, 11th Dist. Portage No. 2017-P-0069, 2019-Ohio-836, ¶36, citing R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." *Id.,* quoting R.C. 2953.08(G)(2)(a) and (b).

**{¶19}** Because Ms. Bika failed to object to her sentence, "our review is limited to consideration of whether the trial court committed plain error." *Id.*, quoting *State v. Moore*, 11th Dist. Trumbull No. 2015-T-0072, 2017-Ohio-7024, ¶45. In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome would have been otherwise. *State v.*

5

*Waxler*, 6th Dist. Lucas No. L-15-1214, 2016-Ohio-5435, ¶7, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶62.

**{¶20}** We emphasize that in sentencing a defendant following a community control violation, the trial court must comply with the relevant sentencing requirements. *Ferrell* at ¶36*,* citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶17.

**{¶21}** We find the trial court committed plain error because Ms. Bika's sentence is contrary to law, although for reasons other than those stated in Ms. Bika's brief. The trial court erred in two respects in sentencing Ms. Bika. First, her sentence for the first incident went above the maximum term for which she was given notice. Specifically, Ms. Bika was sentenced to 15 months in prison, and the court was bound by the maximum term of 12 months per its notice at the original sentencing hearing imposing community control sanctions. Second, the trial court erred in failing to find the requisite R.C. 2929.14(C) factors before imposing a consecutive sentence. On remand, the trial court is instructed to resentence Ms. Bika according to the maximum terms of the court's original notifications (12 and 18 months, respectively), and, if the court reimposes consecutive sentences, to make all the necessary statutory findings.

### Maximum Term of Sentence

**{¶22}** The stated prison term at the initial sentencing serves as a ceiling on the prison term the court may impose upon finding a community control violation. *State v. Solomon*, 11th Dist. Portage No. 2017-P-0078, 2019-Ohio-1841, ¶36, citing *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶23.

**{¶23}** Although "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term

6

that may be imposed for a violation of the conditions of the sanction, upon finding a violation, the court sentences the defendant anew with discretion to impose a lesser term than that notified of at the initial sentencing." *Id.* at ¶37, quoting *Brooks* at ¶29.

**{¶24}** The statute governing community control sanctions, "R.C. 2929.15(B)(1) * * * reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B)(4) ("sentencing hearings") i.e., 1.) a longer time under the same sanction, 2.) a more restrictive community control sanction, or 3.) a prison term. In the event a defendant violates community control and the court chooses to impose a prison term, R.C. 2929.15(B)(2) further provides that the prison term must be within the range of prison terms set forth in R.C. 2929.14 for the offense for which community control was imposed, and *cannot exceed the prison term specified in the notice provided to the offender at the original sentencing hearing.*" (Emphasis added.) *Id.* at ¶38, citing R.C. 2929.15; *State v. Duncan*, 12th Dist. Butler No. CA2015-05-086, 2016-Ohio-5559, ¶17, citing *State v. Davis*, 12th Dist. Warren Nos. CA2015-09-081 & CA2015-09-082, 2016-Ohio-879, ¶17.

**{¶25}** Unlike a probation revocation, which merely suspended the original term imposed, when one is sentenced to community control supervision, the defendant is sentenced to community control and not sentenced to the stated prison term. *Id.* at ¶39, citing *Duncan* at ¶19-26. Community control is an alternative to the imposition of a prison term, not a suspended term as is the case with probation. *Id.* And the stated prison term at the initial sentencing hearing only serves as notice of the maximum term one faces if she violates community control. *Id.* at ¶21.

**{¶26}** Because the trial court misstated the prison term in the first case, we find plain error and reverse and remand for resentencing. On remand, the court must conduct

7

a sentencing hearing compliant with the relevant sentencing statutes and impose a term not to exceed 12 months in the first case and 18 months in the second case.

### Violations of Community Control

**{¶27}** In Ms. Bika's first assignment of error, she contends her community control violations were "technical" in nature and that, therefore, pursuant to R.C. 2929.15(B), the maximum prison term that could be imposed for her violations was 90 days.

**{¶28}** We bear in mind that we review a trial court's finding of a community control violation under an abuse of discretion standard, and a "trial court's decision to revoke community control, even for a 'minor' violation, is not an abuse of discretion." *Solomon* at ¶21, citing *State v. Herald*, 3d Dist. Defiance No. 4-16-09, 2016-Ohio-7733, ¶28, *appeal not allowed*, 149 Ohio St.3d 1408, 2017-Ohio-2822; *State v. South*, 3d Dist. Union No. 14-07-40, 2010-Ohio-983, ¶9. An abuse of discretion is a term of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-78 (1925). Stated differently, an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

**{¶29}** At the outset we note that Ms. Bika mistakenly cited R.C. 2929.15(B)(1)(c)(i), which only applies to felonies of the fifth degree. Ms. Bika pleaded guilty to two counts of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(3) and (B), felonies of the fourth degree. Therefore, R.C. 2929.15(B)(1)(c)(ii) applies, and if her

8

violations had been merely "technical" in nature, the maximum term the court could have imposed would have been 180 days in each case.

{¶30} Thus, in relevant part, R.C. 2929.15 states, "(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more the following penalties:  * * * (c)(ii) [i]f the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the *fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony,* the prison term shall not exceed *one hundred eighty days*." (Emphasis added.)

{¶31} At the second motion to revoke or modify sanctions hearing, the state read in open court a letter it received from NEOCAP.  The letter explained that Ms. Bika was "negatively terminated from the program effective October 19, 2018 for repeatedly engaging in behaviors that create a hostile, threatening, and unsafe environment for those around her."  The letter explained the events that led to Ms. Bika's discharge.  First, there were complaints of inappropriate sexual conduct, kissing, and touching, which led to a warning pursuant to the program's zero tolerance policy.  Then, further complaints of Ms. Bika's bullying, threatening, and inappropriate sexual behavior, which included a telephone call from a concerned parent who expressed consternation for her daughter's safety because she was being threatened and bullied by Ms. Bika, instigated a more formal investigation.  The investigation discovered Ms. Bika made verbal threats of

9

physical assault to other residents. One of the residents who was interviewed reported that "while she was showering, Ms. Bika stuck her head under the shower portion and looked up at her naked body." As a direct result of Ms. Bika's behavior, it was determined that her "threatening, aggressive sexual conduct and behaviors" created a "safety and security risk to those around her."

{¶32} Ms. Bika testified that she knew the person who reported her in NEOCAP prior to their time there together, and that the results of the investigation were unfounded.

{¶33} Under these circumstances, we cannot say the trial court abused its discretion in finding that "[t]his is not a technical violation therefore a more restrictive sanction is necessary." There is no doubt that pursuant to R.C. 2929.15(B)(1)(c)(ii), Ms. Bika's threats of assault and sexual assault are "offenses of violence" and/or "sexually oriented offense[s]", and further, may be "violations of law committed while under a community control sanction imposed for such a felony that consists of * * * new [felony] criminal offense[s]." Therefore, the trial court did not abuse its discretion in finding Ms. Bika's violations of the terms of her community control were not "technical" in nature.

### Consecutive Sentences

{¶34} Ms. Bika's sentence is also contrary to law because the trial court failed to make the requisite findings pursuant to R.C. 2929.14(C) when it imposed consecutive sentences.

{¶35} "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences * * *, the appellant's sentence is contrary to law and constitutes plain error." (Citation omitted.) *Ferrell* at ¶36.

10

{¶36} "Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

{¶37} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶38} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶39} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶40} "[T]o impose consecutive terms of imprisonment a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." (Emphasis sic). *Id.* at ¶37-38, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37, citing R.C. 2929.14(C)(4).

11

{¶41} In this case, the trial court did not make any specific consecutive sentencing findings pursuant to R.C. 2929.14(C)(4)(a)-(c) either at the sentencing hearing or in the sentencing judgment entry.

{¶42} The state concedes that the trial court made no consecutive sentencing findings at the hearing and did not determine the presence of an R.C. 2929.14(C)(4)(a)-(c) factor at any point.

{¶43} Under these circumstances, the court did not satisfy the statutory sentencing requirements. *Ferrell* at ¶40, citing *State v. Snyder,* 11th Dist. Ashtabula Nos. 2017-A-0041, et al., 2018 Ohio 2826, ¶16 (where the court does not reference all required consecutive sentencing factors at the sentencing hearing and in the judgment entry, the sentence is contrary to law).

{¶44} Since the record demonstrates and the state concedes that the requisite findings for consecutive sentences were not made, and because the trial court imposed a term above the maximum term of its notice at Ms. Bika's initial sentencing in case no. 2017 CR 0371, we reverse and remand. On remand, the trial court is instructed to abide by its maximum terms of 12 and 18 months and, if it reimposes consecutive sentences, to make all necessary statutory findings pursuant to R.C. 2929.14(C)(4). Since we have determined Ms. Bika's sentence is contrary to law and reverse and remand on this basis, Ms. Bika's remaining assignments of error are moot.

{¶45} The judgment of the Portage County Court of Common Pleas is reversed

12

and remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.