[Cite as *State v. DiGrino*, 2019-Ohio-3992.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-P-0081** |
| - vs - | : | |
| TIMOTHY B. DIGRINO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 00768.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Matthew M. Nee*, Nee Law Firm, LLC, 26032 Detroit Road, Suite 5, Westlake, Ohio 44145 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Timothy B. DiGrino, appeals his aggregate three-year prison term. He contests the trial court's jurisdiction to impose the sentence and asserts failure to make necessary findings to impose consecutive sentences. Finding merit with his consecutive sentences argument, we reverse and remand.

{¶2} In November 2015, appellant was indicted on two counts of aggravated drug possession and one count of drug possession, all fifth-degree felonies based upon his

possession of three different controlled substances.

{¶3} Before appellant was originally sentenced, he failed to appear for three scheduled proceedings, including his sentencing hearing. Each time, a warrant was issued for his arrest.

{¶4} Following a bench trial, appellant was found guilty of all charges. In April 2017, appellant was sentenced to four years of community control, conditioned upon, among other things, completion of a 180-day jail term and a drug program at NEOCAP and Root House. At the close of sentencing, the trial court warned appellant that if he violated any community control conditions, he could be sentenced to three consecutive twelve-month prison terms.

{¶5} Six months into community control, the probation department moved to modify/revoke appellant's community control because he failed to submit a urine test and was negatively terminated at Root House. The initial hearing on this motion was rescheduled due to appellant's failure to appear. When the hearing went forward, the trial court found appellant had committed the violations, requiring the imposition of a more restrictive sanction. As a result, the trial court ordered appellant to serve thirty additional days in jail and extended the duration of intensive supervision.

{¶6} Three months later, the probation department again moved to modify/revoke community control based on illegal drug use and failing to submit to a drug test. Again, the initial hearing on the motion was continued due to appellant's failure to appear. Ultimately, the hearing went forward before a visiting judge on August 24, 2018. Appellant waived his right to a full hearing and admitted the violations. After accepting the admission, the visiting judge ordered appellant to serve ninety days in the county jail.

{¶7} In his August 24, 2018 judgment the visiting judge stated: "The Court finds the Defendant has violated the terms of probation therefore a more restrictive sanction is necessary. IT IS THEREFORE ORDERED Defendant's probation is terminated upon entering jail. Commencing Monday, August 27, 2018 at 9:00 a.m., Defendant shall serve 90 days in jail."

{¶8} Appellant failed to report to jail and a bench warrant was issued.

{¶9} Four weeks later, a hearing was held regarding appellant's failure to timely report to jail. This hearing was conducted by the original judge who found appellant guilty and imposed the original sentence.

{¶10} The trial court found appellant's explanation unbelievable and consequently vacated the visiting judge's order and sentenced appellant to three consecutive twelve-month terms.

{¶11} Appellant raises two assignments for review:

{¶12} "[1.] The trial court erred in vacating its previous order terminating probation and imposing a new sentence because it lost jurisdiction to take these actions after it terminated probation.

{¶13} "[2.] The trial court erred in imposing consecutive sentences because the required findings for consecutive sentences are not supported by the record."

{¶14} Addressing the first assignment, the trial court did not lose jurisdiction to sentence appellant to prison based on the August 24 decree. The termination of post release control in that order was conditioned upon appellant reporting to jail on August 27 at 9:00 a.m. That did not happen. Accordingly, appellant remained on post-release control and the trial court had jurisdiction to find appellant's failure to report to jail as a

3

further violation and sentence him to prison. R.C. 2929.15(B)(i)(c).

{¶15} Appellant also asserts he was denied due process at the final hearing before the trial court because he was not afforded proper notice of the subject matter of the proceeding.

{¶16} Regarding notice, the trial court refers to appellant failing to report to jail in its order for his arrest. In addition, the arrest warrant states that appellant was to be brought before the court for his alleged contempt in failing to report. Thus, adequate notice was provided as to the subject matter of the hearing.

{¶17} In relation to the failure to report to jail, appellant admitted that he did not report to jail until he became aware that a warrant for his arrest was issued and he offered no reasonable reason for failure to appear. Accordingly, his first assignment lacks merit.

{¶18} Under his second assignment, appellant contests the consecutive nature of his sentence. He argues the trial court's findings are insufficient to warrant consecutive prison terms.

{¶19} "R.C. 2929.14(C)(4) permits the trial court to order an offender to consecutively serve separate prison terms for multiple offenses if the trial court finds (1) 'consecutive service is necessary to protect the public from future crime or to punish the offender,' (2) 'consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' and (3) any of the following factors is present:

{¶20} "'(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929,17, or 2929.18 of the Revised Code, or was under post-release

4

control for a prior offense.'

{¶21} "'(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.'

{¶22} "'(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.'" *State v. Maple*, 11th Dist. Ashtabula No. 2018-A-0091, 2019-Ohio-2091, ¶ 11-14.

{¶23} "'In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]' *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court's failure to incorporate its findings in the sentencing entry after making them at the sentencing hearing does not render the sentence contrary to law and can be corrected through a nunc pro tunc entry. *Id.* at ¶ 30. However, the failure to make the findings at the sentencing hearing renders the sentence contrary to law, and the matter must be remanded for resentencing. *See id.* at ¶ 36-37." *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 27 (11th Dist.).

{¶24} During sentencing, the trial court found: "Consecutive sentences are necessary and not disproportionate to the harm that you have done to this County by your many, many violations."

{¶25} This alone is insufficient to satisfy the necessary findings. Accordingly, the

5

second assignment has merit, and we reverse and remand for the trial court to hold a sentencing hearing and either (1) make all necessary findings, include all necessary findings in a sentencing entry, and impose consecutive sentences; or (2) impose concurrent sentences.

{¶26} The trial court's decision is reversed and remanded.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.