[Cite as *State v. Welz*, 2021-Ohio-2553.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

BRANDON M. WELZ,

        Defendant-Appellant.

CASE NO. 2020-T-0073

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2015 CR 00937

**O P I N I O N**

Decided: July 26, 2021
Judgment: Reversed and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 Hight Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1}    Appellant, Brandon M. Welz ("Mr. Welz"), appeals from the Trumbull County Court of Common Pleas' judgment, which sentenced him to two years in prison after he pleaded guilty to violating his community control for the second time.

{¶2}    Mr. Welz raises two assignments of error on appeal. He first contends the trial court erred at his initial sentencing on breaking and entering charges when it imposed community control because it never notified him of the possible sanctions for violating community control pursuant to R.C. 2929.19(B)(4). He secondly contends that the trial

court erred at his second violations hearing when it imposed consecutive sentences without making findings pursuant to R.C. 2929.14 and incorporating those findings in its judgment entry. The state concedes this error, arguing Mr. Welz's sentence should be reversed and remanded for a new sentencing hearing.

{¶3} After a careful review of the record and pertinent law, we find Mr. Welz's assignments of error have merit, in part. First, a review of the violation hearings reveals Mr. Welz was informed of a possible two-year maximum prison term if he violated his community control sanction prior to his second violation. At his first violation hearing and in the sentencing entry, the trial court advised him that he faced a maximum sentence of two years should he violate his community control again.

{¶4} Second, we agree with the parties that the trial court failed to make findings pursuant to R.C. 2929.14(C)(4) and incorporate them in the sentencing judgment entry when it revoked Mr. Welz's community control and imposed consecutive sentences. Thus, we find Mr. Welz's second assignment of error to have merit. We reverse the judgment of the Trumbull County Court of Common Pleas and remand for the trial court to resentence Mr. Welz and, if consecutive sentences are found necessary, to make the requisite findings.

### Substantive and Procedural History

{¶5} In 2015, Mr. Welz was indicted by a grand jury on four counts of breaking and entering, fifth-degree felonies, in violation of R.C. 2911.13(A). Mr. Welz broke into four different establishments in Trumbull County: the Hole in the Wall in Mecca Township, the clubhouse at the Duck Creek Golf Course in Newton Falls, Quiggley's Bar in Warren Township, and the clubhouse at Tamer Win Golf Course in Bazetta Township.

2

## Plea Agreement

{¶6}   Mr. Welz entered into a plea agreement with the state in which he agreed to plead guilty to all four counts and the parties agreed to jointly recommend a 10-month prison sentence on each count, to be served concurrently to each other but consecutively to a prison sentence imposed in an unrelated case in Lake County.

{¶7}   The signed, written plea agreement informed Mr. Welz that he was eligible for probation/community control.  He acknowledged that if he violated community control, the court may extend the time up to a maximum of five years, impose more restrictive sanctions, and/or impose a prison sentence up to the maximum term allowed for the offenses.  At the change of plea hearing, the court reviewed the written plea agreement and advised Mr. Welz that he would be subject to optional post-release control and of the potential penalties for violating post-release control.  The trial court did not advise Mr. Welz of the possible penalties for violations of community control sanctions.

## Sentencing

{¶8}   Because Mr. Welz waived the presentence investigation, the trial court proceeded to sentencing after the plea colloquy.   The court considered the joint recommendation of the parties and, finding it reasonable, agreed to accept it in part.  The court imposed restitution to the victims; 10-month prison sentences on both counts 1 and 2, concurrent to each other, but consecutive to the prison sentence he was currently serving in a Lake County case; and a five-year term of community control sanctions on counts 3 and 4.  The court did not advise Mr. Welz either at the sentencing hearing or in the sentencing entry of the potential penalties for violating community control sanctions.

3

Case No. 2020-T-0073

## Community Control Violations

{¶9}  In 2018, Mr. Welz was brought before the court for a community control violation.  The trial court delayed the hearing per the probation officer's request for a continuance due to Mr. Welz's pending case in Trumbull County for receiving stolen property.  At the next hearing date, the trial court again continued the hearing after the probation officer informed the court that Mr. Welz was being assessed for NEOCAP in Trumbull County.  After Mr. Welz pleaded guilty to the violation and upon the probation officer's recommendation, the trial court sentenced Mr. Welz to enter and successfully complete the NEOCAP program.  At the hearing and in the sentencing entry, the trial court advised Mr. Welz that any further violations of community control could result in a prison sentence of 12 months on each count.

{¶10}  Nearly a year later, in 2019, Mr. Welz was again before the court for a probation violation.  The court ordered Mr. Welz to be held without bond until his pending cases were completed.  He initially pleaded not guilty.  At the hearing, he changed his plea to guilty, and the court sentenced him to serve two consecutive one-year terms for his community control violations on counts 3 and 4.  The trial court was silent as to the consecutive sentencing findings required by R.C. 2929.14(C)(4), both at the sentencing hearing and in its sentencing entry.

{¶11}  Mr. Welz raises two assignments of error:

{¶12}  "[1.]  The trial court erred [by] imposing prison sentences for violations of community control sanctions when it had not previously advised appellant of the specific prison terms that may be imposed pursuant to Revised Code 2929.19(B)(4).

4

{¶13} "[2.] The trial court erred [by] imposing consecutive sentences when it failed to make findings required under Revised Code 2929.14."

**Sentencing Standard of Review**

{¶14} We apply the standard of review for felony sentences, which is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Pursuant to R.C. 2953.08(G)(2):

{¶15} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶16} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶17} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶18} "(b) That the sentence is otherwise contrary to law."

{¶19} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

Case No. 2020-T-0073

established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**Community Control Notifications**

{¶20} In his first assignment of error, Mr. Welz contends the trial court erred in imposing prison sentences for his community control violations because the court failed to advise him of the specific prison terms that may be imposed pursuant to R.C. 2929.19(B)(4) at his initial sentencing hearing on the breaking and entering charges.

{¶21} Pursuant to R.C. 2929.19(B)(4), "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed * * *, [t]he court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code."

{¶22} R.C. 2929.15(B) details procedures for a trial court to follow when an offender has violated conditions of community control, reiterating the three options available to the sentencing court mentioned in R.C. 2929.19(B)(4), and further provides that if a prison term is imposed upon an offender for violating a community control sanction, the prison term specified shall be within the range of prison terms available for the offense for which the sanction was imposed and shall not exceed the prison term

6

specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(4) of section 2929.19 of the Revised Code. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 10.

{¶23} The Supreme Court of Ohio has held that "[p]ursuant to R.C. 2929.19(B)[4] and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus.

{¶24} Following *Brooks*, the Supreme Court of Ohio held that "a trial court can cure its failure to notify an offender at his initial sentencing hearing of the potential, specific prison term if it provides that notice at a revocation hearing that occurs before the revocation hearing at which the trial court imposes the prison term." *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 15, citing *Fraley*, *supra* (although offender was not notified at initial sentencing of the prison term that could be imposed if he violated community control, sufficient notification of the prison term was provided at a prior revocation hearing).

{¶25} The present situation is akin to that in *Fraley*. At the sentencing hearing on the first community control violation and in the judgment entry memorializing the sentence, the trial court advised Mr. Welz that any further violations of community control could result in a possible maximum, consecutive sentence of 12 months for counts 3 and 4. Thus, the trial court fulfilled the prerequisite of notifying Mr. Welz of the specific prison

7

term that may be imposed for an additional violation prior to the subsequent violation and imposition of a prison term. *Fraley* at ¶ 18-19.

{¶26} Mr. Welz's first assignment of error is without merit.

**Consecutive Sentences**

{¶27} In Mr. Welz's second assignment of error, he argues that the trial court erred by imposing consecutive sentences when it failed to make the necessary findings pursuant to R.C. 2929.14.

{¶28} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

{¶29} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶30} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Case No. 2020-T-0073

{¶31} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶32} To impose consecutive terms of imprisonment a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶33} A review of the record in this case reveals the trial court did not make any consecutive sentence findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing and in the sentencing entry. The state concedes that the trial court never undertook the analysis or made findings as required by R.C. 2929.14 that consecutive sentences are necessary. Under these circumstances, Mr. Welz's sentence was not properly imposed.

{¶34} In *Howard, supra*, the Supreme Court of Ohio, confronting the same issue, vacated the appellant's sentence because the trial court, after revoking community control, failed to make the required R.C 2929.14(C)(4) consecutive sentence findings. *Id.* at ¶ 25. Revocation of community control is more than an administrative function – the court had discretion to choose a shorter prison term or no prison term at all. *Id.* R.C. 2929.14, governing imposition of prison sentences, requires consecutive sentence findings at the time the sentences are imposed. *Id.*

{¶35} Finding Mr. Welz's second assignment of error to have merit, we reverse and remand to the trial court for resentencing, and if it reimposes consecutive sentences, to make all the necessary statutory findings pursuant to R.C. 2929.14(C)(4).

Case No. 2020-T-0073

{¶36} The judgment of the Trumbull County Court of Common Pleas is reversed and remanded.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

10