[Cite as *State v. Gordon*, 2022-Ohio-337.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0061 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| JERRIMIE A. GORDON, | Trial Court No. 2020 CR 00701 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: February 7, 2022
Judgment: Reversed; remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Thomas Rein*, 820 Superior Avenue, Suite 800, Cleveland, OH 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Jerrimie A. Gordon, appeals the trial court's March 23, 2021 sentencing entry, following guilty pleas to two counts of sexual battery, felonies of the third degree, in violation of R.C. 2907.03. The trial court imposed a prison term of 48 months for each offense to be served consecutively. Appellant challenges the consecutive nature of his sentences, and the state of Ohio concedes error. The judgment is reversed, and the matter is remanded to the trial court.

{¶2} Our standard of review for felony sentencing is governed by R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶3} Appellant advances one assignment of error on appeal: "The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86."

{¶4} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16,

2

2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶5} To impose consecutive terms of imprisonment a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶6} Appellant contends the trial court failed to comply with R.C. 2929.14(C)(4) both at the sentencing hearing and in the sentencing entry. The state of Ohio concedes error, and we concur. The trial court failed to make any of the requisite findings to impose consecutive sentences at the sentencing hearing and did not determine the presence of any R.C. 2929.14(C)(4)(a)-(c) factor in the sentencing entry. Thus, the trial court did not properly impose consecutive sentences.

{¶7} Appellant's sole assignment of error has merit.

{¶8} The parties disagree in their appellate briefs as to the appropriate remedy for the trial court's failure to comply with R.C. 2929.14(C)(4). Appellant asserts that the sentences must be modified to run concurrently, yet he cites no case law in support of this remedy. The state responds that the matter must be remanded to the trial court to hold a resentencing hearing and either (a) make the necessary findings to impose

3

consecutive sentences or (b) impose concurrent sentences. At oral argument, counsel for both parties agreed that R.C. 2953.08(G)(2) provides this court with the authority to implement either remedy.

{¶9} Nevertheless, based on precedent from this court following that of the Supreme Court of Ohio, we reverse the trial court's judgment and remand to the trial court for resentencing. If the trial court reimposes consecutive sentences, it must make all requisite findings under R.C. 2929.14(C)(4) both at the resentencing hearing and in the sentencing entry. *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 27, citing *Bonnell*, 2014-Ohio-3177, at ¶ 37. *See also, e.g., State v. DiGrino*, 11th Dist. Portage No. 2018-P-0081, 2019-Ohio-3992, ¶ 23-25; *State v. Bika*, 11th Dist. Portage Nos. 2018-P-0096 & 2018-P-0097, 2019-Ohio-3841, ¶ 44-45; *State v. Welz*, 11th Dist. Trumbull No. 2020-T-0073, 2021-Ohio-2553, ¶ 35-36.

{¶10} The judgment of the Portage County Court of Common pleas is reversed, and the cause is remanded to the trial court for resentencing.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.