[Cite as *State v. Elliott*, 2023-Ohio-412.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JODY ANTON ELLIOTT,

        Defendant-Appellant.

**CASE NO. 2021-T-0045**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00960

## O P I N I O N

Decided: February 13, 2023
Judgment: Affirmed and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Eric J. Cherry*, Bartos & Company, LPA, 20220 Center Ridge Road, Suite 160, Rocky River, OH 44116 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jody Anton Elliott, appeals the imposition of consecutive sentences for Possession of Cocaine and Possession of Heroin in the Trumbull County Court of Common Pleas. For the following reasons, we affirm Elliott's sentence but remand for the issuance of a nunc pro tunc entry consistent with this opinion.

{¶2} On December 30, 2019, the Trumbull County Grand Jury issued an Indictment, charging Elliott with Robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2); Possession of Cocaine, a felony of the fifth degree, in violation

of R.C. 2925.11(A) and (C)(4)(a); Possession of Heroin, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(6)(a); and Possession of a Fentanyl-Related Compound, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(11)(a).

{¶3} A jury trial was held on August 30 through September 1, 2021. Testimony presented at trial demonstrated that two men, including Elliott, confronted the victim regarding a dispute over money and physically assaulted him. When police arrived, Elliott fled. Police ultimately located and arrested Elliott, who had in his possession a phone taken from the victim as well as two bindles of narcotics. The jury found Elliott not guilty of Robbery and guilty of the drug possession counts as charged in the Indictment.

{¶4} At the sentencing hearing, the State requested merger of Counts Three and Four and elected to proceed on Count Three, Possession of Heroin. It emphasized Elliott's "extremely long history of criminal involvement" and requested consecutive sentences of one year for each offense. The court stated the following:

> I have reviewed the prior record in this matter and there was sentences from a drug conviction in Cleveland, a 6 month sentence. There was an Escape in '02, a case from Trumbull County, there was a year of prison. There was a Receiving Stolen Property, an '06 case with another prison sentence. There was an '07 case where there was a sentence of 4 years. There was a '16 case, it's a B & E, a sentence of a year, which is in essence commensurate with the type of language contained in the imposition of consecutive sentences. The first part is necessary to punish the offender, to protect the public from future crime, and not disproportionate to the conduct or danger imposed by the Defendant. And also the criminal history demonstrates that consecutive sentences are necessary to protect the public. Both of those apply ample form in this case. (Sic)

{¶5} The court ordered Elliott to serve consecutive prison terms of one year for each offense, for a total of two years. The sentence was memorialized in a September 21, 2021 Entry on Sentence, which stated, in pertinent part: "the Court finds that

2

Case No. 2021-T-0045

consecutive sentence is necessary to protect the public from future crime and to punish the Defendant; consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public; and the Defendant had prior prison sentences."

{¶6} On appeal, Elliott raises the following assignment of error:

{¶7} "The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86."

{¶8} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). With respect to consecutive sentencing, a reviewing court may vacate the sentence and remand for resentencing "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14." *Id.* Under R.C. 2929.14(C)(4), a sentencing court is required to make three findings to require an offender to serve consecutive prison terms: (1) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; (2) that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; (3) and that one of the circumstances described in subdivision (a) to (c) is present. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252. The circumstances in subdivisions (a) to (c) include: (a) the offender committed the offense while "awaiting trial or sentencing" or while under certain sanctions or postrelease control; (b) the offenses were committed as part of a "course of conduct" resulting in "great or unusual" harm; and (c) "[t]he offender's history of criminal conduct demonstrates that consecutive

3

sentences are necessary to protect the public from future crime by the offender."

{¶9} To impose consecutive terms, the court "is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "The trial court has no obligation * * * to engage in a 'word-for-word recitation' of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record." (Citation omitted.) *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 27 (11th Dist.). There must also be an "evidentiary basis" that is "adequate to fully support the trial court's consecutive-sentence findings." *State v. Gwynne*, __ Ohio St.3d __, 2022-Ohio-4607, ___ N.E.3d __, ¶ 29.

{¶10} At the sentencing hearing, the court made each of the required findings to order a consecutive sentence. It found that the sentence was "necessary to punish the offender, to protect the public from future crime, and not disproportionate to the conduct or danger imposed by the Defendant," which satisfy the first two findings required under R.C. 2929.14(C)(4). It then made a finding that, under subdivision (c), his "criminal history demonstrates that consecutive sentences are necessary to protect the public."

{¶11} Elliott argues that the judgment entry did not include the necessary findings, specifically that it did not include a finding under subdivisions (a) through (c). In the judgment entry, the court made the first two findings regarding the punishment of the offender/protecting the public as well as the disproportionate conduct finding. Its third finding, however, stated only that Elliott had "prior prison sentences." This finding recognizes a criminal history but does not connect this finding to the necessity of protecting the public from future crime, which is required to satisfy R.C. 2929.14(C)(4)(c).

4

While it is evident that the court did so at the sentencing hearing, it is also necessary to incorporate such finding into the judgment entry.

{¶12} It has been held that "'a trial court's failure to incorporate the findings required by R.C. 2929.14(C) in the sentencing entry after making those findings at the sentencing hearing does not render the sentence contrary to law' and may be corrected via a nunc pro tunc entry." (Citation omitted.) *State v. Scott*, 11th Dist. Ashtabula No. 2020-A-0016, 2021-Ohio-1368, ¶ 25; *also Cozzone*, 2018-Ohio-2249, at ¶ 27 (while "the failure to make findings at the sentencing hearing renders the sentence contrary to law," the "failure to incorporate the findings in the sentencing entry after making them at the sentencing hearing" does not). In these circumstances, the proper procedure is to affirm the judgment but "remand [the] matter for the trial court to issue a nunc pro tunc sentencing entry, incorporating the R.C. 2929.14(C)(4)(c) finding that was made at the sentencing hearing." *Id.*, citing *State v. Burke*, 11th Dist. Trumbull Nos. 2018-T-0032 and 2018-T-0035, 2019-Ohio-1951, ¶ 154. We must remand this matter for the limited purpose of issuing a nunc pro tunc order incorporating the findings the trial court made in support of consecutive sentences at the sentencing hearing.

{¶13} Elliott cites several cases in conjunction with his argument that the sentence should instead be reversed and/or vacated. *See State v. Bika*, 11th Dist. Portage No. 2018-P-0096, 2019-Ohio-3841, ¶ 41; *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶ 44; *State v. DiGrino*, 11th Dist. Portage No. 2018-P-0081, 2019-Ohio-3992, ¶ 24; *State v. Welz*, 11th Dist. Trumbull No. 2020-T-0073, 2021-Ohio-2553, ¶ 33; *State v. Gordon*, 11th Dist. Portage No. 2021-P-0061, 2022-Ohio-337, ¶ 6. In each of these cases, the court failed to make the necessary findings at the sentencing hearing

5

which differs from this situation where the court made the findings at the hearing but failed to fully incorporate one into the sentencing entry. Thus, they are not applicable to these circumstances.

{¶14} The sole assignment of error is without merit.

{¶15} For the foregoing reasons, we affirm Elliott's sentence but remand for the issuance of a nunc pro tunc entry consistent with this opinion. Costs to be taxed against appellant.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2021-T-0045