[Cite as *State v. Gordon*, 2023-Ohio-887.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

JERRIMIE A. GORDON,

        Defendant-Appellant.

CASE NO. 2022-P-0024

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00701

**O P I N I O N**

Decided: March 20, 2023
Judgment: Affirmed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 567 East Turkeyfoot Lake Road, Suite 107, Akron, OH 44319 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Jerrimie A. Gordon, appeals the judgment of the Portage County Court of Common Pleas, resentencing him to consecutive sentences on two counts of felony-three sexual battery. At issue is whether the trial court complied with its obligation to set forth the necessary statutory findings included in R.C. 2929.14(C)(4) in its judgment entry. The matter is affirmed but remanded for the trial court to file a nunc pro tunc judgment incorporating the sentencing findings it properly made at the resentencing hearing.

{¶2} In September 2020, appellant was indicted on one count of rape, in violation of R.C. 2907.02, a felony of the first degree and one count of sexual battery, in violation of R.C. 2907.03, a felony of the third degree. In January 2021, a supplemental indictment was filed alleging an additional count of rape, under the same code section, and an additional count of sexual battery, also under the same code section. Appellant ultimately entered a plea of guilty to two counts of sexual battery, felonies of the third degree. The trial court accepted appellant's plea and nollied the remaining counts. Appellant was sentenced to two terms of 48 months of imprisonment, to be served consecutively and was categorized a Tier III Sex Offender.

{¶3} Appellant appealed the sentence in *State v. Gordon*, 11th Dist. Portage No. 2021-P-0061, 2022-Ohio-337. This court reversed and remanded the matter for resentencing. This court determined the trial court failed to make the necessary statutory findings to support consecutive sentences both at the sentencing hearing and in its judgment entry. Id. at ¶ 6.

{¶4} The trial court conducted a resentencing hearing during which it made the requisite statutory findings. The trial court, however, failed to incorporate the findings into its sentencing entry. Appellant again appeals assigning the following error:

{¶5} "The trial court erred by imposing consecutive sentences upon appellant, absent the findings required by law in accordance with R.C. 2929.14 and *State v. Bonnell*."

{¶6} This court reviews consecutive felony sentences pursuant to R.C. 2953.08(G)(2). That subsection provides, in pertinent part:

> The court hearing an appeal under division (A), (B), or (C) of
> this section shall review the record, including the findings

underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *;

(b) That the sentence is otherwise contrary to law.

{¶7} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

3

**{¶8}** To impose consecutive terms of imprisonment "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶9}** At the sentencing hearing, after ordering appellant serve 48 months on each count consecutively, the trial court made the following statutory findings:

> The Court finds that consecutive sentences are necessary to protect the public from future crimes and to punish the defendant. The consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public and the victim.
>
> At least two or more of the offenses were committed as part of the one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term adequately reflects the seriousness of the conduct.

**{¶10}** The foregoing findings, however, were not incorporated into the court's final judgment on sentence.

**{¶11}** Appellant does not take issue with the nature of the court's statutory findings; he instead merely asserts the trial court committed error by failing to incorporate the findings into the judgment. The state concedes the error and recommends this court remand the matter to hold another resentencing hearing and either: (1) make the necessary findings and incorporate the same into the ultimate entry or (2) impose concurrent sentences. We agree the failure to properly incorporate the required findings rendered the court's action incomplete; because the trial court made the necessary

4

Case No. 2022-P-0024

findings at the sentencing hearing, however, an additional sentencing hearing is unnecessary.

{¶12} "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 2014-Ohio-3177, at ¶ 30; *see also State v. Moore,* 11th Dist. Geauga No. 2014-G-3195, 2014-Ohio-5183, ¶ 18.

{¶13} Based upon the foregoing, we affirm the trial court's imposition of consecutive sentences but remand the matter and instruct the trial court to issue a nunc pro tunc sentencing entry which includes the court's consecutive sentence findings. *See State v. Olp*, 11th Dist. Ashtabula Nos. 2015-A-0033, 2015-A-0034, 2016-Ohio-3508, ¶ 19, and 25. *See also* App.R. 9(E) ("If anything material to either party is omitted from the record by error or accident or is misstated * * * the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected * * *.").

{¶14} Appellant's assignment of error lacks merit.

{¶15} For the reasons stated in this opinion, the judgment of the trial court is affirmed, but the matter is remanded for the issuance of a nunc pro tunc entry to correct the court's clerical error, consistent with this opinion.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

5

Case No. 2022-P-0024