[Cite as *State v. Welk*, 2026-Ohio-231.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>DENNIS V. WELK, JR.,<br><br>        Defendant-Appellant. | **CASE NO. 2025-L-089**<br><br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2025 CR 000206 |

## OPINION AND JUDGMENT ENTRY

Decided: January 27, 2026
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Adam Parker,* Goldberg Dowell & Associates, L.L.C., 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Dennis V. Welk, Jr., appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to consecutive prison terms of 60 months for two counts of Sexual Battery. For the following reasons, we affirm the judgment of the lower court.

{¶2} On March 31, 2025, the Lake County Grand Jury indicted Welk for Sexual Imposition, a misdemeanor of the third degree, in violation of R.C. 2907.06(A); Importuning, a felony of the fifth degree, in violation of R.C. 2907.07(B)(1); two counts of Unlawful Sexual Conduct with a Minor, felonies of the third degree, in violation of R.C.

2907.04(A); two counts of Sexual Battery, felonies of the third degree, in violation of R.C. 2907.03(A)(5); and Rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2).

{¶3} The court held a change of plea hearing on May 14, 2025. Welk entered guilty pleas to two counts of Sexual Battery as charged in the indictment. The charges related to the sexual assault of his 13-year-old stepdaughter.

{¶4} At the sentencing hearing, defense counsel indicated that Welk was intoxicated when he committed the offenses and he had expressed remorse for hurting the victim and his family. Welk stated that alcohol was "a main factor" but that he took full responsibility for his actions and would take advantage of programs offered while incarcerated. The prosecutor indicated that other children were present when the offenses were committed. She further observed that Welk continued to communicate with the victim while in jail, pressuring her to request that he should receive a short sentence, causing her "ongoing emotional harm." The State recommended a jointly agreed sentence of eight years in prison.

{¶5} The court stated: "[C]ontacting [the victim] . . . is totally inappropriate and was further evidence of you trying to take advantage of her at that young age like you did." It also noted that the presentence investigation report indicated that Welk expressed a belief that he did not commit all of the acts for which he was charged. The court reviewed Welk's criminal record, which included felony offenses for burglary, multiple prison terms, and theft offenses, finding he had "a lifetime of criminal activity." The court sentenced Welk to serve consecutive 60-month prison terms for each offense.

{¶6} Welk timely appeals and raises the following assignment of error:

{¶7} "The record clearly and convincingly does not support the trial court's decision to impose maximum consecutive sentences."

Case No. 2025-L-089

**Review of Felony Sentences**

{¶8}     Welk raises issues relating to the court's imposition of 60-month sentences for each count of Sexual Battery.  "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence . . . given by the sentencing court."  R.C. 2953.08(G)(2).  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds . . . [t]hat the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14 . . . [or] [t]hat the sentence is otherwise contrary to law."  *Id.*; *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

{¶9}     As an initial matter, although the assigned error contends that the record does not support the imposition of "maximum consecutive sentences," Welk presents no argument relating specifically to the consecutive nature of the sentences.  R.C. 2929.14(C)(4) requires that the trial court, in issuing consecutive sentences, make specific findings relating to the danger posed to the public, the seriousness of the offenses, and protection of the public from the commission of future crime.  The court stated each of the required findings on the record and incorporated them into its sentencing entry, so we find no error in this regard.  *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.) ("the court 'is required to make [R.C. 2929.14(C)(4)] finding[s] . . . at the sentencing hearing and incorporate its findings into its sentencing entry'") (citation omitted).

**Consideration of R.C. 2929.12 Sentencing Factors**

{¶10} Welk contends that "the trial court failed to consider all the relevant sentencing factors under R.C. 2929.12," emphasizing its focus on his comments that he

Case No. 2025-L-089

did not remember the conduct underlying the offenses rather than his statements of remorse. He contends that his genuine expression of remorse "should have carried at least some mitigating weight, and favored a less-than maximum sentence."

{¶11} R.C. 2929.12(A) provides the sentencing court with discretion to "determine the most effective way to comply with the purposes and principles of sentencing." In exercising its discretion, the court shall consider R.C. 2929.12 factors "relating to the seriousness of the conduct [and] . . . the likelihood of the offender's recidivism." *Id.* The trial court "fulfills its duties under . . . R.C. 2929.12 by stating that it considered" it and is "not required to give any particular weight or emphasis to a given set of circumstances." *State v. Miller*, 2025-Ohio-339, ¶ 21 (11th Dist.); *State v. DelManzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.). Further, "[a]bsent evidence to the contrary, a reviewing court will presume the trial court considered all appropriate sentencing factors." *State v. Dawson*, 2016-Ohio-2800, ¶ 15 (11th Dist.).

{¶12} The court stated at the sentencing hearing it considered "all the provisions in . . . R.C. 2929.12" and in its sentencing entry that it "has balanced the seriousness and recidivism factors under R.C. 2929.12." "[W]e will not presume the trial court failed to weigh certain factors merely because the trial court did not explicitly discuss each discrete factor." *State v. Davy*, 2024-Ohio-5550, ¶ 21 (11th Dist.). The court expressed concern over Welk's criminal record, statements questioning whether he committed the criminal conduct contained in the PSI, and his communication with the victim while in jail. Regardless of Welk's expression of remorse, it was entitled to determine these recidivism factors warranted its sentence.

{¶13} We emphasize that this court cannot review the trial court's weighing of these factors on appeal. Pursuant to the Ohio Supreme Court's holding in *State v. Jones*,

Case No. 2025-L-089

2020-Ohio-6729, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with" R.C. 2929.12. *Id.* at ¶ 42; *State v. Freshwater*, 2023-Ohio-1248, ¶ 10 (11th Dist.) ("we are precluded from reviewing whether [the] sentence is supported by the record under R.C. 2929.12"). The weight to be given to Welk's expression of remorse in light of the other facts in the record was for the trial court to decide. We find no error in the application of R.C. 2929.12.

{¶14} Finally, to the extent that Welk takes issue with the fact that he received maximum sentences, provided that the trial court considers the appropriate factors, it has "full discretion to impose a sentence within the statutory range." *State v. Foti*, 2020-Ohio-439, ¶ 73 (11th Dist.). Welk's sentences were within the range for third-degree felonies in violation of R.C. 2907.03, which carry a sentence of up to 60 months. R.C. 2929.14(A)(3)(a).

{¶15} The sole assignment of error is without merit.

{¶16} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Welk to a total prison term of ten years, is affirmed. Costs to be taxed against appellant.

MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-089

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE SCOTT LYNCH

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-089